

# THE ATTORNEY GENERAL

## OF TEXAS

GROVER SELLERS

~~JOHN XDEN XXDESCHIENED XXX~~

ATTORNEY GENERAL

AUSTIN 11, TEXAS

This Opinion
Modifies Opinions 0-5270 &
0-5937

Honorable S. K. Long
County Attorney
Jefferson County
Beaumont, Texas

Dear Sir:

Opinion Number 0-6785
Re:  Allocation of money received
from governmental departments and
agencies as "payments in lieu of
taxes."

      You request the opinion of this department upon the question presented in your letter of August 14, which we quote as follows:

"A question has arisen as to the proper application and the breakdown of payments made by the government or departments of the government in lieu of taxes, both state and county.  It is my opinion that this payment is handled the same as taxes and should be broken down and applied to the proper funds as if it were the direct ad valorem tax.

"The authority for the paymen t is Section 1546 of Title 42 of the United States Code Annotated, there being no court decision that I have been able to find other than the Moore et al vs. Board of Education of Euclid City School District, 57 N. E. (2d) 118, dealing with the meaning of 'in lieu.'

      Briefly, your question is:  How should payments made by Federal housing authorities and similar Federal agencies in lieu of taxes be allocated by the taxing units, recipients of such payments?

      The question you present is clarified somewhat by Senate Bill No. 61, passed by the 49th Legislature, which is as follows:

"Section 1.  That all monies, funds, assets, or gifts authorized by Federal statute to be paid to the State of Texas in lieu of taxes or as a gift by the Federal Public Housing Authority or any other Federal agency, be and the same is hereby accepted by the State of Texas; that this acceptance applies to any such tenders, gifts, or offers, whether they be made in the past, present, or future.

"Section 2.  The Comptroller of Public Accounts is hereby directed and authorized to execute such instruments as may be proper or necessary to effect acceptance of such monies, gifts, or assets, and when so received by the Comptroller, he shall deposit same in the State Treasury to the credit of the General Revenue Fund.

"Sec. 3. The Comptroller may direct that such monies, when so paid by the Federal Housing Authority, be remitted through the County Tax Assessor-Collector in the County where lands are located on which the payment or tender is made in lieu of taxes by such Federal authority, and require the Tax Assessor-Collector of such County to make remittance to the State Treasury in the same manner as he is now required to do when remitting for ad valorem taxes; but in no event shall any Tax Assessor-Collector or any other County or State official be entitled to any fee for services in handling these funds."

It is significant to note that said Senate Bill No. 61 treats such payments in effect as ad valorem taxes. We think the conclusion is obvious that since such payments are made in lieu of ad valorem taxes, the allocation should be to the respective funds to which the ad valorem taxes upon said property would be allocated as provided by law, the same as the taxes would be if collected instead of a sum in lieu thereof.

If the conclusions we here express appear to be inconsistent with two prior opinions of this department, Nos. O-5937 and O-5270, the passage by the 49th Legislature of Senate Bill No. 61, occurring subsequent to these two opinions, render these inconsistencies of no consequence. Taxes are not gifts, but a sovereign exaction upon citizens or property to support the Government, and is payment exacted by legislative authority. If payments are made by Congressional consent in lieu of taxes upon property, otherwise immune except for such consent, we see no reason for treating such payments in any other manner than would be accorded the taxes on the property. If appropriation of public funds or property is for a public purpose, and we think the payments in question here fall in that classification, there is no gift. Almeda County v. Janssen, 106 Pac. (2d) 11; Los Angeles County v. LaFuente, 129 Pac. (2) 378; San Bernardino County v. Way, 117 Pac. (2d) 354; Housing Authority of Los Angeles County v. Dockweiler, 94 Pac. (2d) 794.

Summarizing, we hold that payments by Federal housing authorities and other similar Federal agencies, made in lieu of taxes, should be treated as such and allocated as other ad valorem taxes when paid to the collecting officials charged under the law of collecting the same.

Very truly yours,

ATTORNEY GENERAL OF TEXAS

By /s/ L. P. Lollar

L. P. Lollar
Assistant

APPROVED SEP 12, 1945
/s/ GROVER SELLERS
ATTORNEY GENERAL OF TEXAS

Approved
Opinion Committee
By F. D.
Chairman

LPL/JCP:egw